**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: SOCHACZ, LUISA § Case No. 09-17001
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on May 11, 2009.  The undersigned trustee was appointed on May 11, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $        5,000.57

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 0.00 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]   $ | 5,000.57 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 10/13/2009.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,250.06.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,250.06, for a total compensation of $1,250.06.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $115.07, for total expenses of $115.07.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/11/2010         By:/s/DAVID P. LEIBOWITZ
                                   Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

**Form 1**

Page: 1

# Individual Estate Property Record and Report
## Asset Cases

Case Number: 09-17001  
Case Name: SOCHACZ, LUISA  

Period Ending: 02/11/10

Trustee: (330570) DAVID P. LEIBOWITZ  
Filed (f) or Converted (c): 05/11/09 (f)  
§341(a) Meeting Date: 06/24/09  
Claims Bar Date: 10/13/09

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Real Estate Location: 2016 Garden, Hoffman Estat | 183,500.00 | 0.00 | DA | 0.00 | FA |
| 2 | Real Estate Location: 4715 S. Hoyne, IL | 168,000.00 | 6,006.00 | DA | 0.00 | FA |
| 3 | Cash on Hand | 50.00 | 50.00 | DA | 0.00 | FA |
| 4 | Checking Account with Chase Bank | 1,420.00 | 1,420.00 | DA | 0.00 | FA |
| 5 | Savings Account with Chase Bank | 490.00 | 490.00 | DA | 0.00 | FA |
| 6 | Checking at TCF Bank | 200.00 | 200.00 | DA | 0.00 | FA |
| 7 | Business account: Checking at Harris Bank | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 8 | Miscellaneous Household Goods | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 9 | Miscellaneous Collectibles | 50.00 | 50.00 | DA | 0.00 | FA |
| 10 | Miscellaneous Clothing | 500.00 | 500.00 | DA | 0.00 | FA |
| 11 | Miscellaneous Costume Jewelry | 200.00 | 200.00 | DA | 0.00 | FA |
| 12 | Term-life insurance through employer, no cash va | 0.00 | 0.00 | DA | 0.00 | FA |
| 13 | 401k through Employer | 5,000.00 | 5,000.00 | DA | 0.00 | FA |
| 14 | Business: IMC-FS, Inc. (Closed) | 0.00 | 0.00 | DA | 0.00 | FA |
| 15 | Business: Latino Computer & Biz Centers, (Closed | 0.00 | 0.00 | DA | 0.00 | FA |
| 16 | Business: Ultimate Cleaning Business (solepropri | 0.00 | 0.00 | DA | 0.00 | FA |
| 17 | 2006 Dodge Caravan 40k miles | 5,915.00 | 5,915.00 | DA | 0.00 | FA |
| 18 | 2007 Nissan Quest Minivan (60k mi.) | 10,750.00 | 10,750.00 | | 5,000.00 | FA |
| 19 | 2001 Chevy Cavalier (100k + mi.) | 1,000.00 | 1,000.00 | DA | 0.00 | FA |
| 20 | Edwin & Fabio Herrerra - potential fraud, breach | 0.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 0.57 | Unknown |
| 21 | Assets    Totals (Excluding unknown values) | $380,075.00 | $34,581.00 | | $5,000.57 | $0.00 |

**Major Activities Affecting Case Closing:**

TFR ready for filing 01/14/10  
TFR sent to TOM on 01/15/2010

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: 09-17001 | Trustee: (330570) DAVID P. LEIBOWITZ |
| Case Name: SOCHACZ, LUISA | Filed (f) or Converted (c): 05/11/09 (f) |
| | §341(a) Meeting Date: 06/24/09 |
| Period Ending: 02/11/10 | Claims Bar Date: 10/13/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Initial Projected Date Of Final Report (TFR): May 30, 2010          Current Projected Date Of Final Report (TFR): May 30, 2010

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 09-17001 | | Trustee: | DAVID P. LEIBOWITZ (330570) |
|---|---|---|---|---|
| Case Name: | SOCHACZ, LUISA | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****88-65 - Money Market Account |
| Taxpayer ID #: | 54-6858031 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 02/11/10 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 09/03/09 | {18} | Luisa Sochacz | | 1129-000 | 1,250.00 | | 1,250.00 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.03 | | 1,250.03 |
| 10/12/09 | {18} | Luisa Sochacz | | 1129-000 | 1,000.00 | | 2,250.03 |
| 10/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.07 | | 2,250.10 |
| 11/06/09 | {18} | Luisa Sochacz | | 1129-000 | 1,000.00 | | 3,250.10 |
| 11/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.12 | | 3,250.22 |
| 12/08/09 | {18} | Luisa Sochacz | | 1129-000 | 1,000.00 | | 4,250.22 |
| 12/29/09 | {18} | Luisa Sochacz | | 1129-000 | 750.00 | | 5,000.22 |
| 12/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.16 | | 5,000.38 |
| 01/29/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.19 | | 5,000.57 |

| | | | |
|---|---|---|---|
| ACCOUNT TOTALS | 5,000.57 | 0.00 | $5,000.57 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| Subtotal | 5,000.57 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $5,000.57 | $0.00 | |

| | |
|---|---|
| Net Receipts : | 5,000.57 |
| Net Estate : | $5,000.57 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****88-65 | 5,000.57 | 0.00 | 5,000.57 |
| | $5,000.57 | $0.00 | $5,000.57 |
| Bank Transfers | $0.00 | $0.00 | |

{} Asset reference(s)

Printed: 02/11/2010 10:27 AM  V.11.54

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-17001
Case Name: SOCHACZ, LUISA
Trustee Name: DAVID P. LEIBOWITZ

Claims of secured creditors will be paid as follows:

*Claimant*             *Proposed Payment*

N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | DAVID P. LEIBOWITZ | $ 1,250.06 | $ 115.07 |
| *Attorney for trustee* | Lakelaw | $ | $ 615.00 |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*        *Fees*        *Expenses*

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $3,000.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 10 | Internal Revenue Service | $ 3,000.00 | $ 3,000.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 178,221.38 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Wells Fargo Financial Leasing, Inc. | $ 38,181.95 | $ 4.39 |
| 2 | Citibank South Dakota NA | $ 75,970.46 | $ 8.71 |
| 3 | CAPITAL ONE BANK (USA), N.A. | $ 2,104.18 | $ 0.24 |
| 4 | American Express Bank FSB | $ 3,689.63 | $ 0.42 |
| 5 | Chase Bank USA, N.A. | $ 13,774.04 | $ 1.58 |
| 6 | Chase Bank USA NA | $ 3,253.69 | $ 0.37 |
| 7 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 5,723.34 | $ 0.66 |
| 8 | Recovery Management Systems Corporation for GE Money Bank | $ 18,692.28 | $ 2.14 |
| 9 | PYOD LLC its successors and assigns as assignee of citibank | $ 1,039.50 | $ 0.12 |
| 11 | US Bancorp Manifest Funding Services | $ 15,792.31 | $ 1.81 |

*

**UST Form 101-7-TFR (9/1/2009)**

```
              Proposed Payment to unsecured creditors under $5.00 will be
              paid to the Bankruptcy Clerk.
```

Tardily filed claims of general (unsecured) creditors totaling $ 21,537.28 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 12 | Inovative Bank | $ 21,537.28 | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**